```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION
```

| | |
|---|---|
| JESSE COOLEY, JR., | * |
| | * |
| Petitioner, | * |
| | * |
| vs. | * |
| | *  CIVIL ACTION NO. 22-00297-CG-B |
| ALABAMA DEPARTMENT OF MENTAL HEALTH, | * |
| | * |
| Respondent. | * |

### ORDER

This action is before the Court on review of Petitioner Jesse Cooley, Jr.'s amended petition for writ of habeas corpus by a person in state custody pursuant to 28 U.S.C. § 2254 (Doc. 28). In an order dated October 25, 2023, the Court explained to Cooley why his previous § 2254 habeas petition (Doc. 3) was deficient and directed him to file an amended petition on this Court's standard § 2254 habeas petition form. (Doc. 26). In the order, the Court informed Cooley that his amended petition needed to comply with the following directives:

> In his amended petition, Cooley must fully complete all applicable sections of the petition form and must provide <u>only</u> the information requested in each section of the form. Cooley is directed not to write in the margins of the habeas petition form. If additional pages are needed, those pages must <u>strictly follow</u> the format set forth in the petition form.

1

> Cooley must clearly and separately list all grounds for relief that he intends to raise, and the facts supporting each of his grounds for relief, in Section 13 of the petition form.  If additional pages are needed to list each of his grounds for relief and/or the supporting facts for each of his grounds for relief, those pages must strictly follow the format set forth in Section 13 of the form petition.

(Id. at 5-6 (emphasis in original)).  The Clerk was instructed to send Cooley a copy of this Court's form for a § 2254 habeas petition for his use.  (Id. at 7).

In response to the Court's order, Cooley filed an amended § 2254 habeas petition naming the Alabama Department of Mental Health as the Respondent.  (Doc. 28).  Upon review of Cooley's amended petition, the Court finds that it is due to be stricken because it is incomplete and disregards this Court's directives.

First, Cooley's amended petition is deficient because it is missing pages 2 through 6 of this Court's § 2254 habeas petition form.  This plainly violates the Court's directive for Cooley to "fully complete all applicable sections of the petition form." (See Doc. 26 at 5-6).

Second, Cooley did not "clearly and separately list all grounds for relief that he intends to raise, and the facts supporting each of his grounds for relief, in Section 13 of the petition form."  (See id. at 6).  Instead, Cooley purported to list at least eight grounds for relief on a single page attachment.

2

(See Doc. 28 at 8). However, the attachment does not follow the format set forth in Section 13 of the form petition; in particular, it does not separately list each purported ground for relief and the facts supporting each purported ground for relief. (See id.). As the Court previously informed Cooley:

> "The § 2254 Rules . . . mandate 'fact pleading' as opposed to 'notice pleading.'" Borden v. Allen, 646 F.3d 785, 810 (11th Cir. 2011). "The mere assertion of a ground for relief, without sufficient factual detail, does not satisfy either the petitioner's burden of proof under 28 U.S.C. § 2254(e)(1) or the requirements of Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts (which requires a state prisoner to 'specify all the grounds for relief available to the petitioner' and 'the facts supporting each ground')." Reynolds v. Dunn, 2022 U.S. Dist. LEXIS 54163, at *86-87, 2022 WL 895947, at *29 (N.D. Ala. Mar. 25, 2022).

(See Doc. 26 at 5).

Third, Cooley attached to his amended petition an unnecessary and haphazardly organized document that he labeled as an "order." (See Doc. 28 at 9). Cooley's attachment violates this Court's directive that any additional pages were to "strictly follow the format set forth in" this Court's § 2254 habeas petition form, and the directive not to write in the margins. (See Doc. 26 at 6).

Fourth, Cooley disregarded this Court's directive to "provide only the information requested in each section" of this Court's § 2254 habeas petition form. (See id.). For example, in the section

3

of the form petition that directs the petitioner to explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar his petition, Cooley once again ignored the form's instructions and made rambling allegations that have absolutely no relevance to the issue of whether the one-year statute of limitations contained in 28 U.S.C. § 2244(d) bars his petition.  (See Doc. 28 at 6).

More fundamentally, it is apparent from the amended petition that Cooley misunderstands the nature of federal habeas review.  A person in custody under a state-court judgment (such as Cooley) may pursue habeas relief in federal court "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).[1]  In other words, a federal habeas court only has jurisdiction to consider a ground for relief that alleges the violation of a federal constitutional or statutory right.

Here, Cooley's purported grounds for relief include various reasons why he believes he should be released from custody, but

---

[1] Claims that merely allege violations of state law are not cognizable in a federal habeas proceeding.  "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is couched in terms of equal protection and due process."  Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988) (quotation omitted).

4

most of these purported grounds do not allege a federal constitutional or statutory violation. Indeed, several of the purported grounds for relief would appear to be more accurately characterized as factual assertions intended to support one or more of his other grounds for relief.

Moreover, Cooley complains about a medical condition for which he is not receiving treatment (see Doc. 28 at 6), but a federal habeas petition "is not the appropriate vehicle for raising an inadequate medical care claim, as such a claim challenges the conditions of confinement, not the fact or duration of that confinement." Vaz v. Skinner, 634 F. App'x 778, 781 (11th Cir. 2015) (per curiam). "[C]laims challenging the conditions of confinement fall outside of habeas corpus law." Id. at 780.

Additionally, a number of Cooley's purported grounds for relief arguably seek to have this Court grant him leniency and order his release based on his personal characteristics and history. These claims are not cognizable under § 2254, since they do not allege that Cooley "is in custody in violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2254(a); see also Fox v. Warden Ross Corr. Inst., 2012 U.S. Dist. LEXIS 126478 at *3, 2012 WL 3878143, at *2 (S.D. Ohio Sept. 6, 2012) (stating that § 2254 does not "vest this Court with

5

habeas corpus jurisdiction to order a compassionate release"), report and recommendation adopted, 2012 U.S. Dist. LEXIS 150930, 2012 WL 5198362 (S.D. Ohio Oct. 19, 2012); Johnson v. Lyons, 2016 U.S. Dist. LEXIS 70098, at *6, 2016 WL 3027537, at *2 (D. Md. May 27, 2016) (noting that motions involving "a request for leniency" did "not raise cognizable federal claims"); Fisher v. Superintendent, 2014 WL 128015, at *13 (S.D.N.Y. Jan. 14, 2014) (noting that "a claim that a sentence should be reduced in the interest of justice does not allege a violation of a federally protected right") (quotation omitted).

In light of the deficiencies summarized above, Cooley's incomplete habeas petition (Doc. 28) is **STRICKEN**. Cooley is **ORDERED** to file, on or before **December 27, 2023**, a fully completed amended petition on this Court's standard § 2254 habeas petition form.

Cooley is again informed that he must fully complete all applicable sections of the petition form and must provide only the information requested in each section of the form. Cooley must not write in the margins of the habeas petition form. If additional pages are needed, those pages must strictly follow the format set forth in the petition form. Cooley must clearly and separately list all grounds for relief that he intends to raise,

6

and the facts supporting each of his grounds for relief, in Section 13 of the petition form. If additional pages are needed to list each of his grounds for relief and/or the supporting facts for each of his grounds for relief, those pages must strictly follow the format set forth in Section 13 of the form petition. Cooley's amended petition will completely replace his current petition; thus, Cooley shall not reference, rely upon, or seek to incorporate by reference any portion of his previous habeas petitions.

Cooley is cautioned that if he fails to file an amended petition within the ordered time, the undersigned will recommend that this action be dismissed. Cooley is further cautioned that if he files an amended petition that fails to <u>strictly comply</u> with the directives in this order, the undersigned will recommend that this action be dismissed. Finally, Cooley is cautioned that if he is transferred to a different facility or is released, he must immediately inform the Court of his new address, or this action will be dismissed. There will be no further warnings, nor will there be any further opportunities to amend the petition in order to correct pleading deficiencies.

The Clerk is **DIRECTED** to send Cooley another copy of this Court's form for a § 2254 habeas petition for his use.

**DONE** this **27th** day of **November, 2023.**

                                          **/s/ SONJA F. BIVINS**
                           **UNITED STATES MAGISTRATE JUDGE**