IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JESSE COOLEY, JR., | * |
| | * |
|     Petitioner, | * |
| | * |
| vs. | * CIVIL ACTION NO. 22-00297-CG-B |
| | * |
| ALABAMA DEPARTMENT OF MENTAL HEALTH, | * |
| | * |
| | * |
|     Respondent. | * |

**ORDER**

This habeas action filed under 28 U.S.C. § 2254 is before the Court on Petitioner Jesse Cooley, Jr.'s second motion for appointment of counsel (Doc. 29). In his motion, Cooley states that he is "very poor," only has a ninth-grade education, does not "understand this writ of habeas corpus," and "need[s] a lawyer to help [him] get it right." (Id. at 1-2).

As this Court has previously informed Cooley (see Doc. 6 at 4), there is no automatic constitutional right to counsel in a federal habeas corpus proceeding. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Hooks v. Wainwright, 775 F.2d 1433, 1438 (11th Cir. 1985). "In most federal courts, it is the practice to appoint counsel in post-conviction proceedings only after a petition for post-conviction relief passes initial judicial evaluation and the court has determined that issues are presented calling for an evidentiary hearing." Johnson v. Avery, 393 U.S.

483, 487 (1969); see also R. 8(c), Rules Governing § 2254 Cases (requiring appointment of counsel for petitioner who qualifies to have counsel appointed under § 3006A "[i]f an evidentiary hearing is warranted"). A court may appoint counsel for an indigent litigant seeking relief under 28 U.S.C. § 2254 prior to determining that an evidentiary hearing is warranted, but such appointments are discretionary when "the interests of justice so require." See 18 U.S.C. § 3006A(a)(2)(B).

> [W]here a defendant seeks appointment of counsel in a federal post-conviction proceeding prior to an evidentiary hearing, courts generally decline to grant the request unless it appears (1) the defendant has presented a constitutional claim with at least a fair likelihood of success on the merits, (2) the claim is factually complex and legally intricate, and (3) the facts are largely underdeveloped and the defendant, due to his incarceration and indigency, is severely hampered in his ability to investigate them.

White v. Alabama, 2015 U.S. Dist. LEXIS 124178, at *2, 2015 WL 5475626, at *1 (N.D. Ala. Sept. 17, 2015).

Here, even assuming *arguendo* that Cooley can make the required showing of indigency, he has not shown that the interests of justice require the appointment of counsel at this stage of the instant habeas proceeding. Although Cooley alleges that he has a ninth-grade education, he is clearly literate and capable of presenting the essential merits of his positions. Moreover, Cooley has not presented a constitutional claim with a fair likelihood of success on the merits, nor has he shown that his claims are

unusually factually complex or legally intricate. Therefore, Cooley's second motion for appointment of counsel (Doc. 29) is **DENIED**.

**DONE** this **27th** day of **November, 2023.**

                                        **/S/ SONJA F. BIVINS**
                                        **UNITED STATES MAGISTRATE JUDGE**