IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JESSE COOLEY, JR., | * |
| | * |
| Petitioner, | * |
| | * |
| vs. | * |
| | * CIVIL ACTION NO. 22-00297-CG-B |
| | * |
| KIMBERLY G. BOSWELL,[1] | * |
| Commissioner, Alabama | * |
| Department of Mental Health, | * |
| | * |
| Respondent. | * |

### REPORT AND RECOMMENDATION

This is a habeas case. The Petitioner, Jesse Cooley, Jr. ("Cooley"), murdered a man in the 1980s. The Alabama state court adjudicated him not guilty by reason of insanity and ordered him committed for state-run mental health treatment. Since his initial confinement, Cooley repeatedly has progressed toward rehabilitation, received less restrictive custody, escaped from that custody, and faced recapture. This sequence has happened over and over again, with Cooley's most recent recapture occurring

---

[1] The Court takes judicial notice that Kimberly G. Boswell is the current Commissioner of the Alabama Department of Mental Health, which has custody of Petitioner Cooley. See Rules Governing § 2254 Cases, R. 2(a) ("If the petitioner is currently in custody under a state-court judgment, the petitioner must name as respondent the state officer who has custody."). Accordingly, the Clerk of Court is **DIRECTED** to substitute Kimberly G. Boswell, Commissioner, Alabama Department of Mental Health, as the Respondent in this case pursuant to Federal Rule of Civil Procedure 25(d).

in 2022.  Cooley is currently in the custody of the Alabama Department of Mental Health ("ADMH") at Hill Crest Behavioral Health Services ("Hill Crest") in Birmingham, Alabama.

As made clear by his repeated escapes, Cooley thinks he has been confined for mental health treatment long enough.  He has petitioned this Court pursuant to 28 U.S.C. § 2254 for immediate release.

Cooley's petition was referred to the undersigned Magistrate Judge for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Rule 72 of the Federal Rules of Civil Procedure, and S.D. Ala. GenLR 72(a)(2)(R).  The undersigned has reviewed all filings and exhibits and finds there is sufficient information before the Court to resolve the issues presented without an evidentiary hearing.  For the reasons set forth below, the undersigned recommends that Cooley's operative § 2254 habeas petition (Doc. 32) and this action be **DISMISSED without prejudice**.

I.  **BACKGROUND**

   A. Cooley's Initial Commitment and History of Escapes and Recaptures

In the early 1980s, Cooley was indicted for murder in the Circuit Court of Mobile County, Alabama (Case No. CC-81-725), and he pled not guilty by reason of insanity. (Doc. 20-3).  The state circuit court judge accepted Cooley's plea and ordered him confined for mental health treatment with ADMH until he was "restored to

2

his right mind and . . . no longer a danger to himself or society." (Doc. 20-4). Cooley was sent to Taylor Hardin Secure Medical Facility ("Taylor Hardin") in Tuscaloosa, Alabama. (Doc. 20-5 at 4). That was over forty years ago.

Cooley's decades-long commitment to ADMH has been far from smooth though. He does well for a while, working toward rehabilitation and earning transfer to less restrictive custody. But then he absconds from that less restrictive custody, gets recaptured, and winds up back up in restrictive custody. This pattern has persisted since Cooley's initial confinement in the early 1980s.

To rewind, Cooley was moved in 1984 from Taylor Hardin to Searcy Hospital, a mental health facility in Mobile County, Alabama. He escaped from Searcy Hospital two years later and remained at large for almost nine years. He was recaptured in 1995 and transferred back to restrictive custody at Taylor Hardin. (See Doc. 20-17, Report and Recommendation, Cooley v. Penn, et al., Case No. 7:15-cv-00971-WMA-HGD (N.D. Ala. Nov. 2, 2015) (summarizing case history)).[2]

---

[2] Cooley sought release through legal means as well, but those efforts were unsuccessful. First, he filed a petition for release pursuant to Alabama Rule of Criminal Procedure 25.8, but his efforts failed because Cooley did not prove he was no longer mentally ill and no longer posed a threat of substantial harm to himself or others. See Cooley v. State, 695 So. 2d 1219 (Ala. Crim. App. 1996). Cooley also filed for federal habeas relief in 1997, but his petition was denied. (See Doc. 20-12, Report and

3

Cooley was moved back to less restrictive custody in 1999, where he seemingly performed well. (Doc. 20-17 at 9). In early 2001, the state circuit court — with agreement from the State and ADMH — ordered Cooley's conditional release, placing him in a therapeutic group home under the supervision of the Mobile Mental Health Center. (See Doc. 20-16, Order, Cooley v. Pryor, Case No. 1:02-cv-00160-CG-D (S.D. Ala. Feb. 18, 2003); Doc. 20-17 at 9). In August 2001, Cooley transferred to a semi-independent residential program. (Doc. 20-16 at 2).

The record before this Court is largely silent about where Cooley was for the next several years, but things apparently went awry again in mid-2011.[3] In September 2011, the Mobile Mental Health Center sent a letter to the state circuit court that led the court to issue a writ for Cooley's arrest. (Doc. 20-1 at 4). Cooley was also ordered to probate court for an involuntary commitment hearing. (Doc. 20-1 at 4; Doc. 20-17 at 9).

Early the following year, Cooley was sent to AltaPointe Health after he agreed to an intensive case management plan. (Doc. 20-1 at 4; Doc. 20-17 at 9; Doc. 20-19). Almost immediately, Cooley

---

Recommendation, Cooley v. Gay et al., Case No. 7:97-cv-01551-SCP-HGD (N.D. Ala. Oct. 22, 1998), adopted on December 16, 1998)).

[3] Cooley filed a federal habeas petition in this Court in 2002 that was dismissed for lack of exhaustion and failure to state a claim. (See Doc. 20-16, Order, Cooley v. Pryor, Case No. 1:02-cv-00160-CG-D (Feb. 18, 2003)).

4

was noncompliant, and the state circuit court issued a writ for his arrest in June 2012. (Doc. 20-1 at 4; Doc. 20-19 at 1). Cooley was arrested in early 2013 and was sent back to restrictive custody at Taylor Hardin. (Doc. 20-1 at 4; Doc. 20-17 at 10; Doc. 20-19 at 1).

Like before, Cooley was successful at Taylor Hardin, and he was granted conditional release in January 2014. (Doc. 20-1 at 5; Doc. 20-17 at 10; Doc. 20-19 at 1). Cooley's release was conditioned on him participating in treatment, refraining from substance use and submitting to random testing, not possessing a firearm, and not engaging in violent behavior. (Doc. 20-17 at 10-11). But by October of that year, Cooley had failed to submit to drug screens, failed to comply with rules at the group home, and walked away from the home without authorization, and the state court revoked his conditional release. (Doc. 20-1 at 5-6; Doc. 20-17 at 11; Doc. 20-19 at 1). Cooley was sent back to Taylor Hardin, where he had started. (Doc. 20-19 at 1).[4]

Cooley continued this now-familiar cycle over the next several years. By July 2018, he was once again successful at

---

[4] After he was sent back to restrictive custody in 2014, Cooley petitioned the United States District Court for the Northern District of Alabama for habeas relief pursuant to 28 U.S.C. § 2254. That court dismissed Cooley's petition as unexhausted because Cooley did not seek relief pursuant to Alabama Rule of Criminal Procedure 25.8 after he was recommitted. (See Doc. 20-17, Report and Recommendation, Cooley v. Penn, et al., Case No. 7:15-cv-00971-WMA-HGD (N.D. Ala. Nov. 2, 2015), adopted on Nov. 13, 2015)).

5

Taylor Hardin, and the state circuit court ordered him released from the custody of ADMH to AltaPointe. See Cooley v. Dir. of Mental Health, 2020 U.S. Dist. LEXIS 21111, at *2, 2020 WL 1017904, at *1 (S.D. Ala. Feb. 4, 2020), report and recommendation adopted, 2020 U.S. Dist. LEXIS 35692, 2020 WL 998807 (S.D. Ala. Mar. 2, 2020).

Just a year later, Cooley absconded from AltaPointe by jumping from a car on the way to a medical appointment. Id., 2020 U.S. Dist. LEXIS 21111, at *3, 2020 WL 1017904, at *1. He was arrested in September 2019. Id. The state circuit court found, after holding an evidentiary hearing, that "as a direct result of his mental illness and as a consequence thereof, [Cooley] poses a real and present threat of substantial harm to himself and others." Id. Accordingly, the court ordered Cooley returned to the custody of ADMH, reinstated the conditions originally governing his placement with ADMH, and ordered Cooley held in Mobile County Metro Jail until a bed became available for him at ADMH. Id., 2020 U.S. Dist. LEXIS 21111, at *3-4, 2020 WL 1017904, at *1.

In 2021, less than two years after Cooley was recaptured, ADMH requested that Cooley be transferred to a community mental health group home called Indian Rivers Behavioral Health ("Indian Rivers") in Tuscaloosa, Alabama. (Doc. 20 at 14; Doc. 20-1 at 7-8). The state circuit court granted that request, but then Cooley eloped from Indian Rivers too. (Doc. 20-1 at 8). He was

apprehended in January 2022 and recommitted to ADMH. (Doc. 20 at 14; Doc. 20-1 at 8; Doc. 20-23). Cooley was held at Mobile County Metro Jail pending admission to an ADMH facility until September 21, 2023, when he was transferred to Hill Crest. (Doc. 20 at 15; Doc. 20-23; Doc. 23 at 1-2). It appears that Cooley is now in ADMH custody at Hill Crest. (See Doc. 23 at 2; Doc. 32 at 1).

B. <u>Overview of Current Habeas Proceedings</u>

Cooley's current case in this Court started while he was being held in Mobile Country Metro Jail after his 2022 recapture. He filed a habeas petition in July 2022 challenging his ongoing confinement in Mobile County Metro Jail and, more broadly, his continued commitment by ADMH. (Doc. 1). At the Court's direction (Doc. 2), Cooley filed a new § 2254 habeas petition on the Court's proper form. (Doc. 3). Cooley also filed two other documents that seemingly related to his habeas petition: a "Motion to Release" (Doc. 5) and "The Affidavit of Mr. Jesse Cooley, Jr." (Doc. 21).

In September 2023, the Court learned that Cooley was no longer incarcerated at Mobile County Metro Jail and had been transferred to Hill Crest. In light of this change in Cooley's incarceration status, the undersigned ordered Cooley to notify the Court whether he intended to proceed with his habeas action (which was principally grounded in his ongoing confinement at Mobile County

Metro Jail). (Doc. 24). Cooley responded that he did wish for his habeas action to proceed. (Doc. 25).

In response, the undersigned instructed Cooley as follows:

> Upon review of Cooley's operative habeas petition (Doc. 3), the undersigned notes that one or more of his ill-defined claims appear to specifically relate to his past detention at the Mobile County Metro Jail. The undersigned further notes that Cooley's habeas petition fails to adequately articulate the grounds for relief he is asserting and the facts supporting each ground for relief. In light of the foregoing, it is necessary for Cooley to file an amended § 2254 habeas petition that clearly sets forth each ground for relief he is asserting in this matter and clearly states the facts supporting each ground for relief.

(Doc. 26 at 4). The undersigned provided Cooley with detailed information about why his habeas petition was deficient, including that Cooley had not satisfied the pleading standard applicable to § 2254 petitions. (Id. at 4-5). The order directed Cooley to file another amended petition by November 22, 2023, and it advised Cooley that the amended petition would "completely replace his current petition." (Id. at 5-6). Cooley was cautioned that if he failed to file an amended petition within the ordered time, or if the amended petition he filed failed to strictly comply with the directives in the Court's order, this action would be subject to dismissal. (Id. at 6-7).

Cooley filed a new petition on November 20, 2023 (Doc. 28), which was stricken by the undersigned because it was incomplete and disregarded the Court's prior directives. (Doc. 30). Once

8

again, the undersigned gave Cooley detailed instructions about why his petition was deficient and gave him another opportunity – until December 27, 2023 – to amend his petition. (Id. at 2-6).

Cooley's latest petition, which the undersigned treats as his operative § 2254 habeas petition, was docketed on December 18, 2023. (Doc. 32). Unfortunately, as explained below, it seems Cooley has chosen to ignore this Court's directives about how to correct the defects in his previous petitions. Cooley's latest petition is even more deficient than the others. Because it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," the undersigned recommends that Cooley's petition be dismissed. See Rules Governing § 2254 Cases, R. 4.

**II. ANALYSIS**

    A. <u>Cooley's petition does not satisfy applicable pleading standards and, even with a liberal reading, fails to allege a violation of the Constitution or laws or treaties of the United States as required by 28 U.S.C. § 2254</u>.

Cooley's petition is ripe for dismissal because it (1) fails to meet applicable pleading standards and (2) does not allege that Cooley is "in custody in violation of the Constitution or laws or treaties of the United States" as required by 28 U.S.C. § 2254(a).

To begin, Cooley's petition does not meet applicable pleading requirements. The Supreme Court has made clear that habeas petitioners like Cooley must meet "heightened pleading

requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994); see also Borden v. Allen, 646 F.3d 785, 810 (11th Cir. 2011) (holding that § 2254 requires "fact pleading" and not merely "notice pleading"). This requires more than just asserting a ground for relief; each ground must be supported by sufficient factual detail. See Rules Governing § 2254 Cases, R. 2(c) (requiring a state prisoner to "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground"). The petition should also cite to "controlling constitutional, statutory, or other bases for relief." Reynolds v. Dunn, 2022 U.S. Dist. LEXIS 54163, at *88, 2022 WL 895947, at *29 (N.D. Ala. Mar. 25, 2022) (quoting 1 Randy Hertz & James S. Liebman, Federal Habeas Corpus Practice and Procedure § 11.6, at 654 (5th ed. 2005)). Rule 4 authorizes *sua sponte* dismissal of vague and conclusory claims that do not adhere to the pleading requirements of Rule 2(c) of the Rules Governing Section 2254 Cases. See Borden, 646 F.3d at 810.

In keeping with this pleading standard, summary dismissal of Cooley's petition is justified. Cooley has not alleged a violation of the United States Constitution or any other federal law, instead indicating "NA" or "None" for every ground in his petition. (Doc. 32 at 6-8). Likewise, Cooley's petition lacks any legal or factual support. Cooley simply declares himself rehabilitated and demands release from ADMH custody. This threadbare filing fails to meet

the applicable pleading requirements, and summary dismissal is warranted.

Even if Cooley's pleading deficiencies could be excused, the undersigned would still recommend dismissing Cooley's petition because his allegations do not state a viable claim for habeas relief, even under the liberal construction given to *pro se* flings.[5] The basis of Cooley's petition is that *he thinks* he has been fully rehabilitated and is no longer a danger to himself or others. (See Doc. 32 at 6, 8, 11). This claim is not cognizable under § 2254, since it does not allege that Cooley "is in custody in violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2254(a). Furthermore, whether Cooley's mental health rehabilitation is complete, and whether he is eligible for release from ADMH custody, is a matter of state law that is outside the scope of federal habeas review. See Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988) (per curiam) ("It is clear . . . that a habeas petition grounded on issues of state law [including a state's failure to adhere to its own sentencing procedures] provides no basis for habeas relief.").

---

[5] The Eleventh Circuit has instructed that *pro se* pleadings are to be construed liberally. See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.").

Put simply, Cooley's petition is neither properly pled, nor does it state a viable claim for federal habeas relief, and it should be dismissed.

B. <u>Cooley's petition also fails because he has not exhausted his state law remedies</u>.

Even if it were adequately pled, Cooley's petition should be dismissed because he has not exhausted his remedies under Alabama law. It is well-settled that a state prisoner is required to exhaust his state judicial remedies before a federal court may entertain his habeas petition. <u>Picard v. Connor</u>, 404 U.S. 270, 275 (1971). Cooley has not satisfied this requirement.

As noted, the crux of Cooley's petition is that he wants to be released from ADMH's custody. Alabama has a specific procedure for seeking release from mental health confinement — filing a petition pursuant to Rule 25.8 of the Alabama Rules of Criminal Procedure. <u>See</u> <u>Cooley</u>, 695 So. 2d at 1221 (describing the procedure for seeking release from commitment). Under Rule 25.8(b), a criminal defendant "committed to the custody of the commissioner or a facility" after being found not guilty by reason of insanity may file a motion to be released from custody on the grounds that he is "no longer mentally ill or no longer poses a real and present threat of substantial harm to himself or others by being at large . . . ." Ala. R. Crim. P. 25.8(b). A defendant may file a motion for release from custody every six months. <u>Id.</u>

Cooley does not allege, nor is there anything in the record before the Court to indicate, that he has sought relief in the Alabama courts pursuant to Rule 25.8 since he was taken back into custody in early 2022. Cooley is familiar with the Rule 25.8 process; the record indicates he has received relief under Rule 25.8 several times since his initial commitment. (See Doc. 20-19 (Order from Mobile Circuit Court dismissing a state habeas petition and noting: "Both [ADMH] and Cooley are well aware of the requirements of Rule 25.8, as Cooley has been conditionally released pursuant to 25.8 on at least two prior occasions")). Furthermore, even if Cooley had recently sought relief via a Rule 25.8 petition and received an adverse ruling on that petition, there is no indication he has petitioned the Alabama Court of Criminal Appeals for relief. See Bentley v. Ala. Dep't of Mental Health, 2020 U.S. Dist. LEXIS 10424, at *10-11, 2020 WL 362884, at *4 (N.D. Ala. Jan. 22, 2020) (noting that the Alabama Court of Criminal Appeals may provide relief via a writ of mandamus relating to the disposition of a Rule 25.8 motion). Until Cooley has exhausted his remedies before the Alabama courts, he may not come to this Court for habeas relief. This is an additional reason to dismiss his petition.

    C.    Cooley is not entitled to amend his habeas petition.

Having recommended that Cooley's petition be dismissed as inadequately pled, outside the scope of habeas review, and

unexhausted, the undersigned turns to whether Cooley should be permitted to amend his petition yet again. He should not.

It is well-established that leave to amend a petition should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, the decision whether to grant or deny leave to amend is within the discretion of the Court, and amendments can be precluded where there has been undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies in prior amendments, undue prejudice to the opposing party, or futility of the amendment. See Foman v. Davis, 371 U.S. 178, 182 (1962); Watkins v. Session, 2023 U.S. App. LEXIS 32282, at *16, 2023 WL 8469704, at *5 (11th Cir. Dec. 7, 2023) (per curiam) (citing Foman, 371 U.S. at 182).

Applying this standard, the undersigned recommends that Cooley be denied leave to amend his petition. First, Cooley has failed repeatedly to cure deficiencies in his previous petitions despite having been instructed by the Court about the nature of those deficiencies. Further, any amendment would be futile because the allegations underlying Cooley's petition, i.e., that he is eligible for release from mental health treatment under Alabama law, do not state a cognizable claim for habeas relief. Finally, even if he did amend his petition, Cooley would not be able to satisfy the exhaustion requirement because he has not sought relief

in the Alabama courts as required by Alabama Rule of Criminal Procedure 25.8 since his most recent recapture.

In sum, Cooley's petition should be dismissed without leave to amend. Dismissal should be without prejudice, however, to allow Cooley to refile his petition <u>after</u> he exhausts his remedies in Alabama state court <u>and if</u> he can state a viable claim for federal habeas relief.

### III. <u>CERTIFICATE OF APPEALABILITY</u>

If the District Judge adopts this report and recommendation and dismisses Cooley's habeas petition, the District Judge must also issue or deny Cooley a certificate of appealability ("COA") as required by Rule 11(a) of the Rules Governing Section 2254 Cases. <u>See also</u> 28 U.S.C. § 2253(c)(1)(A) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court.").

When a habeas petition is dismissed on procedural grounds, without reaching the merits of any underlying constitutional claim, a certificate of appealability "should issue [only] when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural

15

ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). When a habeas petition is denied on the merits of the underlying constitutional claims, a certificate of appealability should issue only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.

After reviewing the issues presented in light of the applicable standards, the undersigned submits that reasonable jurists would not conclude that this Court is in error in dismissing the instant petition or that Cooley should be allowed to proceed further. As a result, the undersigned submits that Cooley is not entitled to a certificate of appealability.[6]

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rules Governing § 2254 Cases, R. 11(a). If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the District Judge in the objections permitted to this report and recommendation. See Brightwell v. Patterson, Case No. 1:11-00165-WS-C, ECF No. 14 (S.D. Ala. Oct. 11, 2011) (Eleventh Circuit order denying petitioner's motions for a COA and to appeal IFP in

---

[6] If the Court adopts the undersigned's recommendation against issuing a COA, Cooley "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rules Governing § 2254 Cases, R. 11(a).

16

a case in which this Court set out the foregoing procedure); see also Castrejon v. United States, 2011 U.S. Dist. LEXIS 83779, at *75, 2011 WL 3241817, at *20 (S.D. Ala. June 28, 2011) (providing for the same procedure), report and recommendation adopted, 2011 U.S. Dist. LEXIS 84194, 2011 WL 3241580 (S.D. Ala. July 29, 2011); Griffin v. DeRosa, 2010 U.S. Dist. LEXIS 106920, at *12, 2010 WL 3943702, at *4 (N.D. Fla. Sept. 20, 2010) (providing for same procedure), report and recommendation adopted sub nom. Griffin v. Butterworth, 2010 U.S. Dist. LEXIS 106921, 2010 WL 3943699 (N.D. Fla. Oct. 5, 2010).

## IV. APPEAL *IN FORMA PAUPERIS*

Should Cooley decide to appeal this Court's disposition of his habeas petition, and should he desire to do so *in forma pauperis* ("IFP"), this Court would have to decide whether Cooley's appeal is taken "in good faith" as required by 28 U.S.C. § 1915(a)(3). See Fed. R. App. P. 24(a)(1) (requiring a party seeking leave to appeal IFP to file a motion in the district court). In order to find that Cooley's appeal satisfies this statutory "good faith" requirement, this Court would have to find that "a reasonable person could suppose that the appeal has some merit." Walker v. O'Brien, 216 F.3d 626, 632 (7th Cir. 2000). Stated differently, Cooley would have to show that appellate review of his claim is not frivolous when examined under an objective standard. Coppedge v. United States, 369 U.S. 438, 445 (1962).

An action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." <u>Bilal v. Driver</u>, 251 F.3d 1346, 1349 (11th Cir. 2001).

Considering this legal standard, and for the substantive reasons outlined in this report and recommendation, the undersigned finds that any appeal from Cooley would lack arguable merit in law or fact. Accordingly, the undersigned recommends that the Court certify that any appeal by Cooley in this action would not be taken in good faith, thus denying him entitlement to appeal *in forma pauperis*.[7]

## V.  CONCLUSION

For the reasons set forth above, the undersigned **RECOMMENDS** that Cooley's § 2254 habeas petition (Doc. 32) and this action be **DISMISSED without prejudice**. It is further recommended that any requests for a certificate of appealability or for permission to appeal *in forma pauperis* be **DENIED**.

The Clerk is **DIRECTED** to serve copies of Cooley's habeas petition (Doc. 32) and this report and recommendation on Respondent Commissioner Kimberly G. Boswell, Alabama Department of Mental Health, 100 North Union Street, Montgomery, Alabama 36130, and on the Attorney General of the State of Alabama.

---

[7] Cooley may still file a motion to proceed on appeal *in forma pauperis* with the Eleventh Circuit Court of Appeals in accordance with Federal Rule of Appellate Procedure 24(a)(5).

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **3rd** day of **April, 2024.**

                                                          /S/ SONJA F. BIVINS
                                     **UNITED STATES MAGISTRATE JUDGE**